1 DENISE H. FIELD (SBN: 111532)
VALERIE BANTNER PEO (SBN: 260430)
2 BRANDON M. CARR (SBN: 280959)
BUCHALTER, A Professional Corporation
3 55 Second Street, Suite 1700
San Francisco, CA 94105-3493
4 Telephone: (415) 227-0900
Fax: (415) 227-0770
5 Email: vbantnerpeo@buchalter.com

6 Attorneys for Defendant
PEARL BETA FUNDING, LLC
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                        **RIVERSIDE DIVISION**

11 In re:                              | Case No.: 6:16-bk-20446 (MW)

12                                      | Chapter: 11

13 BIODATA MEDICAL LABORATORIES,
INC.,

14        Debtor.

15

16 BIODATA MEDICAL LABORATORIES,
INC.,                                 Adv. Case No. 6:16-ap-01298

17
                                       **MEMORANDUM OF POINTS AND**
18        Plaintiff,                    **AUTHORITIES IN SUPPORT OF**
                                       **MOTION (1) TO DISMISS COMPLAINT**
19                                      **AND (2) FOR A MORE DEFINITE**
                                       **STATEMENT**
20    vs.

21                                      **Date:      April 30, 2017**
                                       **Time:      9:00 a.m.**
22 PEARL BETA FUNDING, LLC; and
MERCHANT SOURCE, INC.               **Location:  Video Courtroom 225**
23                                               **3420 Twelfth Street**
                                               **Riverside, CA 92501**
24        Defendant.
                                               **Or**
25
                                               **411 West Fourth Street**
26                                              **Court 6C**
                                               **Santa Ana, CA 92701**
27
                                       **[Appearances may be made at either**
28                                      **courtroom]**

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

# Table of Contents

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   THE COURT SHOULD DISMISS THE ACTION WITH PREJUDICE FOR
      FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6)................................... 2

      A.    Biodata's Complaint Fails To State A Claim For Relief Against Pearl.................. 2

      B.    Biodata's Claims Which Are Premised On Its Allegation That The "Loans"
            Are "Usurious" Fail As A Matter Of Law. ............................................................ 4

            1.    The 2016 Agreement Is Not Usurious Under California Law ................... 4

            2.    The 2016 Agreement Is Not Usurious Under New York Law................... 6

      C.    Biodata's First And Second Claims For Relief For Declaratory Relief
            Should Be Dismissed For Failure To State A Claim. .............................................. 7

      D.    Biodata's Sixteenth Claim For Relief For Fraud Should Be Dismissed For
            Failure To State A Claim. ...................................................................................... 8

      E.    Each Of Biodata's Claims Are Barred By Res Judicata And Should Be
            Dismissed For Failure To State A Claim ................................................................ 9

            1.    Both Actions Involve The Same Parties. ................................................. 10

            2.    Both Actions Involve The Same Transaction Giving Rise To
                  Biodata's Claims. .................................................................................... 10

            3.    There Was A Valid Final Judgment Entered. .......................................... 11

III.  BIODATA'S COMPLAINT IS UNCERTAIN AS TO EACH CLAIM FOR
      RELIEF AND THE COURT SHOULD GRANT PEARL'S MOTION FOR A
      MORE DEFINITE STATEMENT UNDER FRCP 12(E)..................................... 11

      A.    Biodata's Complaint Is Uncertain As To The Formation Of The 2014 And
            2016 Agreements. ................................................................................................. 12

      B.    Biodata's Complaint Is Uncertain As To The Terms Of The 2014 And
            2016 Agreements. ................................................................................................. 13

      C.    Biodata Does Not Identify the Transfers It Alleges Are Subject to
            Avoidance and Recovery. ..................................................................................... 14

      D.    Biodata Alleges That Pearl Did Not Comply With Laws and Regulations,
            But Does Not Identify What Laws And Regulations Are Referred To ................. 15

IV.   CONCLUSION ................................................................................................... 15

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

i

# Table Of Authorities

**Page**

## Cases

*Advance Indus. Fin. Co. v. Western Equities, Inc.*
   173 Cal.App.2d 420 (1959)................................................................6

*Anderson v. District Bd. of Trustees of Central Florida Comm. Coll.*
   77 F.3d 364 (11th Cir. 1996)............................................................11

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) .................................................................2, 15

*Bell Atlantic v. Twombly*
   550 U.S. 544 (2007) .................................................................2, 15

*Branch v. Tunnell,*
   14 F.3d 449 (9th Cir. 1994)..............................................................3

*Conley v. Gibson*
   355 U.S. 41 (1957) ........................................................................2

*Donatelli v. Siskind*
   170 A.D.2d 433 (N.Y. App. Div. 1991)..................................................6

*Dumas v. Kipp*
   90 F.3d 386 (9th Cir. 1996)..............................................................3

*Estate of Blue v. County of Los Angeles*
   120 F.3d 982 (9th Cir. 1997)............................................................3

*Federal Sav. and Loan Ins. Corp. v. Musacchio*
   695 F. Supp. 1053 (N.D. Cal. 1988) ...................................................11

*Galbraith v. County of Santa Clara,*
   307 F.3d 1119 (9th Cir. 2002)..........................................................3

*Ghirardo v. Antonioli*
   8 Cal.4th 791 (1994) .....................................................................4

*Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*
   805 F.Supp.2d 888 (N.D. Cal. 2011) .................................................11

*In re Hunter* 4 N.Y.3d 260 (N.Y. 2005)...................................................11

*Intri-Plex Techs., Inc. v. Crest Group, Inc.*
   499 F.3d 1048 (9th Cir. 2007)..........................................................3

*Investors Thrift v. AMA Corp.*
   255 Cal.App.2d 205 (1967) ..............................................................6

*Menjivar v. Wells Fargo Bank, N.A. (In re Menjivar)*
   2014 Bankr. LEXIS 371 (B.A.P. 9th Cir. Jan. 28, 2014)............................3

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**
BN 28026083V6

*MoneyForLawsuits V LP v. Rowe*
  2012 U.S. Dist. LEXIS 43558 (E.D. Mich. Jan. 23, 2012) ........................................ 6

*Moore v. Iiill,*
  188 Cal. App. 4th 1267 (2010) ..................................................................... 5

*Peterson v. Atlanta Housing Authority*
  998 F.2d 904 (11th Cir. 1993) ..................................................................... 3

*Prof'l Merch. Advance Capital, LLC v. Your Trading Room, LLC*
  2012 NY Slip Op 33785(U) (N.Y. Sup. Ct.) .......................................................... 7

*Reddy v. Litton Indus.*
  912 F.2d 291 (9th Cir. 1990) ..................................................................... 3

*Refinance Corp. v. Northern Lumber Sales, Inc.*
  163 Cal.App.2d 73 (1958) ......................................................................... 6

*Reilly v. Reid*
  45 N.Y.2d 24 (N.Y. 1978) ....................................................................... 9, 10

*Robertson v. Isomedix, Inc. (In re International Nutronics, Inc.)*
  28 F.3d 965 (9th Cir. 1994) ..................................................................... 9

*Rubenstein v. Small*
  273 A.D. 102 (N.Y. App. Div. 1947) ............................................................... 7

*Seidel v. 18 E. 17th St. Owners, Inc.*
  79 N.Y.2d 735 (N.Y. 1992) ....................................................................... 6

*Shroyer v. New Cingular Wireless Servs.*
  622 F.3d 1035 (9th Cir. 2010) ................................................................... 2, 7

*Southwest Concrete Prods. v. Gosh Constr. Corp.*
  51 Cal.3d 701 (1990) ............................................................................. 5

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ................................................................. 3, 15, 16

*Strom v. United States*
  641 F.3d 1051 (9th Cir. 2011) ................................................................... 2

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) ..................................................................... 8

*Vaccarino v. Midland Nat'l Life Ins. Co.*
  2011 U.S.Dist.LEXIS 132982 (C.D. Cal. Nov. 14, 2011) ............................................ 7

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ................................................................... 8

*Xiao Yang Chen v Fischer*
  6 N.Y.3d 94 (N.Y. 2005) ......................................................................... 9

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**
BN 28026083V6

*Zoo 8 Holdings, LLC v. Clinton*
    11 Misc.3d 1051(A) (N.Y. Sup. Ct. New York Cty. Jan. 24, 2006) ........................................... 7

**Statutes**

28 U.S.C. § 1738 ............................................................................................................................ 5

California Financial Code section 22002 ....................................................................................... 9

California Financial Code section 22009 ....................................................................................... 9

N.Y. Gen. Oblig. Law § 5-501 ..................................................................................................... 10

N.Y. Penal Law § 190.40 .............................................................................................................. 10

**Other Authorities**

Cal. Const., Art. XV, § 1 ......................................................................................................... 7, 11

**Rules**

Fed. R. Bk. Proc. Rule 7012(b) ...................................................................................................... 1

Fed. R. Civ. Proc. Rule 8 .............................................................................................................. 12

Fed. R. Civ. Proc. Rule 9(b) .................................................................................................. 1, 6, 7

Fed. R. Civ. Proc. Rule 12 ............................................................................................................ 16

Fed. R. Civ. Proc. Rule 12(b)(6) ................................................................................................. 1, 2

Fed. R. Civ. Proc. Rule 12(e) ................................................................................................... 2, 12

N.Y. C.P.L.R. § 3218 ...................................................................................................................... 6

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**
BN 28026083V6

## I.    INTRODUCTION

This Action against Defendant Pearl Beta Funding, LLC ("Pearl") should be dismissed because it is premised on two purported agreements which Plaintiff Biodata Medical Laboratories, Inc. ("Biodata") does not attach to its Complaint ("Complaint") or plead the material terms.  As such, each and every claim for relief dependent on these agreements must necessarily fail. [1]

Biodata's Complaint against Pearl appears to allege two Merchant Agreements (respectively the "2014 Agreement" and "2016 Agreement").  The 2014 Agreement is not identified with any particularity such that Pearl cannot respond to it intelligently.  As to the 2016 Agreement, this Court should take judicial notice of the agreement.  *See* RJN, Exh. 4.  Biodata's Complaint should be dismissed in its entirety with prejudice for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (each a "Civil Rule") applicable herein by way of Rule 7012(b) of the Federal Rule of Bankruptcy Procedure (each a "Bankruptcy Rule").  At a minimum, the Court should dismiss Biodata's improperly pled claims for relief for the following four reasons:

(1)    Biodata alleges damages resulting from a claim of usury on the 2016 Agreement.  Biodata's claim fails because Pearl is a licensed finance lender which exempts it from California's usury laws. Biodata additionally alleges that the 2016 Agreement was a "loan."  However, the 2016 Agreement is a merchant agreement which expressly provides that it is a "Purchase and Sale of Future Receivables" (i.e., there was no loan).  California and New York usury laws apply only to loan agreements, not purchase and sale agreements.  Since Biodata's 1st, 2nd, 4th, 5th, 8th, 11th, 12th, 13th, 14th, and 15th claims are all premised on the "loan" being usurious, Biodata fails to state a claim for relief as to each;

(2)    Biodata's 16th claim for relief for fraud is defective because Biodata fails to plead fraud with particularity, as required by the heightened pleading standard of Rule 9(b);

(3)    Biodata's 1st and 2nd claims for declaratory relief each fail to state a claim. These claims for relief seek a determination that the interest rate Pearl charged is usurious.  Because Biodata's underlying usury-based claims fail as a matter of law, these declaratory relief claims cannot stand. Accordingly Biodata's 1st and 2nd claims for relief should be dismissed for failure to state a claim; and

[1] Pursuant to Bankruptcy Rule 7012(b), Pearl does not consent to entry of final orders or judgment by the Bankruptcy Court

(4)    As to the 2016 Agreement, Pearl obtained a Judgment of Confession in New York state court for sums owed under the 2016 Agreement, and thus Biodata is barred by the doctrine of res judicata from litigating these issues again before this Court.

In the alternative, Biodata should be required to provide a more definite statement under Rule 12(e) because Biodata's entire Complaint is uncertain.  Biodata's claims are based on the 2014 and 2016 Agreements, which Biodata failed to attach to the Complaint or allege the material terms of with any specificity.  In addition, Biodata alleges two claims for fraudulent transfer without alleging any specific transfers.  Furthermore, Biodata claims throughout the Complaint that Pearl did not comply with "laws and regulations," but Biodata does not identify what laws and regulations Pearl allegedly failed to comply with.  Biodata's vague allegations prevent Pearl from forming a responsive pleading, and the Court should grant Pearl's motion for a more definite statement under Rule 12(e).

## II.    THE COURT SHOULD DISMISS THE ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)

### A.    Biodata's Complaint Fails To State A Claim For Relief Against Pearl.

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in the Complaint, measured by the pleading standards set forth in the Civil Rules and any relevant statute.  *See Strom v. United States*, 641 F.3d 1051, 1067 n.17 (9th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*")).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint must give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Dismissal under Rule 12(b)(6) is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  The Ninth Circuit has summarized the

standard for evaluating a motion to dismiss brought under Rule 12(b)(6) as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

It is not this Court's duty to rewrite the Complaint. *Peterson v. Atlanta Housing Authority,* 998 F.2d 904, 912 (11th Cir. 1993) (affirming dismissal of claims where complaint is devoid of reference to any injury inflicted on plaintiff by defendant and which fails to give fair notice of claim). When amendment would be futile, dismissal may be ordered with prejudice. *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990); *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996). "Amendment is futile when it is clear that amendment would not have remedied the complaint's fatal deficiencies." *Menjivar v. Wells Fargo Bank, N.A. (In re Menjivar)*, 2014 Bankr. LEXIS 371, at *16-17 (B.A.P. 9th Cir. Jan. 28, 2014).

In ruling on a Rule 12(b)(6) motion, the Court "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The Court can take judicial notice of court documents filed in related litigation. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). Furthermore, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002) (internal quotations and citations omitted).

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**
BN 28026083V6

**B.      Biodata's Claims Which Are Premised On Its Allegation That The "Loans" Are "Usurious" Fail As A Matter Of Law.**

Biodata's Complaint against Pearl is premised on the allegation that the "loans" Biodata received from Pearl are "usurious."  Complaint ¶¶ 10-30.  Biodata's 1st, 2nd, 4th, 5th, 8th, 11th, 12th, 13th, 14th, and 15th claims for relief are all expressly are premised on the alleged "loan" being "usurious":

- 1st claim: "the 2014 Pearl Loan is <u>usurious per se</u>."  Complaint ¶ 39(E);

- 2nd claim: "the 2016 Pearl Loan is <u>usurious per se</u>."  *Id.* at ¶ 44(E);

- 4th claim: Pearl is a "<u>usurious lender</u> that committed wrongful acts."  *Id.* at ¶ 57;

- 5th claim: Pearl is a "<u>usurious lender</u>."  *Id.* at ¶ 59;

- 8th claim: "The loans are <u>usurious per se</u>."  *Id.* at ¶ 76;

- 11th claim: Pearl is a "<u>usurious lender</u> that committed wrongful acts."  *Id.* at ¶ 91;

- 12th claim: the Judgment is void because it was obtained through an "<u>illegal usurious loan</u> among other issues."  *Id.* at ¶ 95;

- 13th claim: 2014 and 2016 Agreements are unconscionable because Biodata "<u>paid interest in excess of the maximum civil usury rate of 16%</u> under New York law <u>or the maximum criminal usury rate of 10%</u> under California Law."  *Id.* at ¶ 98;

- 14th claim: Pearl and MSI conspired to "enter into a series of <u>criminally usurious loans</u> with Plaintiffs."  *Id.* at ¶ 102;

- 15th claim: "Pearl and MSI's violations of California Finance Lender Law, <u>Usury Law</u>, fraud, among other wrongful acts, constitutes a per se violation of Section 17200."  *Id.* at ¶ 110.

All these claims are grounded in usury and fail because Pearl is a licensed finance lender in California, and the 2016 Agreement was not a loan.

**1.      The 2016 Agreement Is Not Usurious Under California Law**

California usury laws apply only to a "loan or forbearance of any money, goods or things in action."  Cal. Const., Art. XV, § 1; *see Ghirardo v. Antonioli*, 8 Cal.4th 791, 798 (1994).  Pursuant to California Financial Code § 22002, licensed finance lenders are specifically named as

4

1   members of a "class of persons authorized by statute" as exempt from the usury law. *See* Cal. Fin.

2   Code, §22002; *see also Moore v. Iiill*, 188 Cal. App. 4th 1267, 1280 (2010).   California Financial

3   Code §22002 provides:

> To accomplish its underlying purposes and policies, this division
> creates a class of exempt persons pursuant to Section 1 of Article
> XV of the California Constitution. It is the intent of the Legislature
> to preserve existing exemptions under Section 1 of Article XV of
> the Constitution and statutory law for (a) personal property brokers
> formerly regulated by the Personal Property Brokers Law; (b)
> lenders formerly regulated by the Consumer Finance Lenders Law;
> and (c) lenders formerly regulated by the Commercial Finance
> Lenders Law; and no finding that any provision of this division is
> invalid with respect to a particular lender or class of lenders shall
> affect the enforceability of this division with respect to any of the
> foregoing classifications of lenders, which shall in all events
> continue to be exempted by this division.

11   "Finance lenders are a class of persons exempt from the usury law pursuant to Finance Code

12   Section 22002."   *Moore*, 188 Cal. App. 4th at 1275.   Under California Financial Code section

13   22009, a "finance lender" "includes any person who is engaged in the business of making

14   consumer loans or making commercial loans." *See* Cal. Fin. Code, §22009.

15       Here, Pearl holds a finance lender's license under California law, and thus is exempt from

16   any usury claim. *See* RJN, Exh. 1.

17       Furthermore, the 2016 Agreement is not a loan under California usury law, and thus may

18   not constitute usury.   A loan is the "delivery of a sum of money to another under a contract to

19   return at some future time an equivalent amount," and a forbearance is the "giving of further time

20   for the payment of a debt or an agreement not to enforce a claim at its due date." *Southwest*

21   *Concrete Prods. v. Gosh Constr. Corp.*, 51 Cal.3d 701, 705, 708 (1990).   A sale, on the other

22   hand, is the "transfer of property in a thing for a price in money." *Id.* at 705.

23       The express terms of the 2016 Agreement (which Biodata neglected to attach to the

24   Complaint) instantly demonstrate that there is no "loan" at issue between Biodata and Pearl.   The

25   2016 Agreement specifically states that Biodata "herby sells, assigns and transfers to [Pearl] . . .

26   all of [Biodata]'s future accounts, contract rights and other entitlements arising from or relating to

27   the payment of monies from [Biodata]'s customers . . ."   RJN, Exh. 4, P. 1.   Likewise, Biodata's

28   Affidavit of Confession of Judgment confirms that the Judgment resolves the "debt justly due to

[Pearl] arising from [Pearl]'s purchase of the receivables of Biodata." RJN Exh. 3 at ¶¶ 3, 6. Biodata admits as much when it alleges in its Complaint that, "the loan documents in general, **do not use the term loan**." Complaint ¶ 24(H) (emphasis added). Indeed, the 2016 Agreement (which Biodata did not attach to the Complaint) confirms that Biodata "is selling a portion of a future revenue stream to [Pearl] at a discount, not borrowing money from [Pearl]." RJN, Exh. 4, P.1. Though Biodata does its best to circumstantially characterize the 2016 Agreement as a loan, bare allegations cannot supersede the agreement. California courts have repeatedly upheld factoring agreements like the one at issue in this case in the face of claims they evinced "usurious" loans. *See, e.g.*, *Refinance Corp. v. Northern Lumber Sales, Inc.,* 163 Cal.App.2d 73, 80 (1958) (no loan or usury notwithstanding that certain accounts purchased with recourse); *Advance Indus. Fin. Co. v. Western Equities, Inc.,* 173 Cal.App.2d 420 (1959); *Investors Thrift v. AMA Corp.*, 255 Cal.App.2d 205 (1967). Accordingly, Biodata's usury-based claims against Pearl fail as a matter of law.

## 2. The 2016 Agreement Is Not Usurious Under New York Law

Similar to California, New York usury laws apply only to a "loan or forbearance of any money or other property." N.Y. Penal Law § 190.40; *see also* N.Y. Gen. Oblig. Law § 5-501 ("No person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the rate above prescribed."). Thus, under the text of New York's criminal and civil statutes the existence of a loan is a necessary element of a usury claim. The New York Court of Appeals has confirmed this principle: "[u]sury laws apply only to loans or forbearances, not investments. If the transaction is not a loan, there can be no usury, however unconscionable the contract may be." *Seidel v. 18 E. 17th St. Owners, Inc.*, 79 N.Y.2d 735, 744 (N.Y. 1992); *see also Donatelli v. Siskind*, 170 A.D.2d 433, 434 (N.Y. App. Div. 1991) ("It is well established that there can be no usury in the absence of a loan or forbearance of money").

Under New York law, the hallmark quality of a loan is the lender's absolute right to repayment of the principal sum. *See MoneyForLawsuits V LP v. Rowe*, 2012 U.S. Dist. LEXIS 43558, at * 31-32 (E.D. Mich. Jan. 23, 2012) (applying New York law). This is a strict, inflexible

1    requirement.  *See Zoo 8 Holdings, LLC v. Clinton*, 11 Misc.3d 1051(A), at *4 (N.Y. Sup. Ct. New

2    York Cty. Jan. 24, 2006) ("For a true loan it is essential to provide for repayment absolutely and

3    at all events...." *quoting Rubenstein v. Small*, 273 A.D. 102, 104 (N.Y. App. Div. 1947)).  One

4    court recently explained that "[w]here payment or enforcement rests upon a contingency, the

5    agreement is valid even though it provides for a return in excess of the legal rate of interest."

6    *Prof'l Merch. Advance Capital, LLC v. Your Trading Room, LLC*, 2012 NY Slip Op 33785(U), at

7    *13 (N.Y. Sup. Ct.).

8        Here, the 2016 Agreement is not a loan under New York law because payment is

9    "**conditioned upon** [Biodata]'s sale of products and services, and the payment therefore by

10   Merchant's customers."  RJN, Exh. 4, 1.10 (emphasis added).  Such conditional language shows

11   that the 2016 Agreement is not a loan under New York law.  Indeed, the 2016 Agreement

12   provides that, "[Biodata] knowingly and willingly waives the defense of Usury in any action or

13   proceeding."  *Id.*  Furthermore, Biodata's Affidavit of Confession of Judgment confirms that the

14   Judgment resolves the "debt justly due to [Pearl] arising from [Pearl]'s purchase of the

15   receivables of Biodata."  RJN Exh. 3 at ¶¶ 3, 6.  Courts applying New York law have repeatedly

16   upheld factoring agreements similar to the one at issue in this case in the face of claims they

17   evinced "usurious" loans.  *See, Prof'l Merch. Advance Capital, LLC,* NY Slip Op 33785(U), at

18   *13; *MoneyForLawsuits VLP*, 43558, at * 31-32 (E.D. Mich. Jan. 23, 2012) (applying New York

19   law).  Accordingly, Biodata's usury-based claims against Pearl fail as a matter of law.

20       **C.    Biodata's First And Second Claims For Relief For Declaratory Relief Should**

21       **Be Dismissed For Failure To State A Claim.**

22       Dismissal of a declaratory relief request is appropriate when the underlying substantive

23   claims which it mirrors are dismissed.  *Shroyer v. New Cingular Wireless Servs.,* 622 F.3d 1035,

24   1044 (9th Cir. 2010) ("Because we affirm the district court's dismissal of the fraud and unfair

25   competition claims, we affirm the dismissal of the claims for declaratory relief on those claims");

26   *see also Vaccarino v. Midland Nat'l Life Ins. Co.* 2011 U.S.Dist.LEXIS 132982, * 22 (C.D. Cal.

27   Nov. 14, 2011).

28       Here, Biodata's 1st and 2nd declaratory relief claims seek a determination that the 2014 and

7

2016 Agreements charged usurious interest rates. As stated in the Complaint's prayer for relief with respect to the 1st claim:

- "A.    That the agreement entered into between Plaintiffs and Pearl set forth a collateralized loan transaction to which California and New York <u>usury laws are applicable</u>."

- "B.    That the 2014 Pearl Loan charges a <u>usurious interest</u> rate under both California and New York law."

- "D.    That Pearl knowingly charged a <u>criminally usurious rate</u> of interest on the 2014 Pearl Loan and entered into the loans with usurious intent."

- "E.    That the 2014 Pearl Loan is <u>usurious per se</u>."

- "G. That the 2014 Pearl Loan is void *ab initio* as <u>criminally usurious</u> . . ."

Complaint ¶ 39. Bidoata's 2nd claim for declaratory relief as to the 2016 Agreement makes the same allegations with respect to the 2016 Agreement. *See Id.* at 44(A), (B), (D), (E), (G). As explained above, Biodata's usury-based argument fails as a matter of law, thus so too must Biodata's 1st and 2nd claims for declaratory relief.

### D.    Biodata's Sixteenth Claim For Relief For Fraud Should Be Dismissed For Failure To State A Claim.

Claims sounding in fraud or mistake must comply with the heightened pleading standard of Rule 9(b) of Federal Rule of Civil Procedure, which requires that a complaint "state with particularity the circumstances constituting fraud or mistake," including "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged"). Biodata's 16th claim for relief should be dismissed for failing to meet rule 9(b)'s heightened pleading standard for fraud.

Biodata's 16th claim for relief for fraud alleges that Pearl made "material misrepresentations," yet Biodata fails to allege any facts regarding *who, what, when, where, and*

8

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

1  *how* these misrepresentations were made.  Complaint ¶¶ 117, 118.  Biodata merely alleges that

2  "during the discussion regarding the 2014 Pearl Loan, among other material misrepresentations,

3  Pearl represented as follows . . ." and lists a bevy of alleged representations made by unstated

4  persons at unstated times, without stating whether these representations were oral or written.  *Id.*

5  at ¶ 21.  With regard to the 2016 Agreement, Biodata summarily alleges that "[t]he Debtor dealt

6  with both Pearl and Merchant Source, Inc. ("MSI"), a company that was an agent of Pearl

7  regarding the 2016 Pearl Loan.  During the discussion regarding the 2016 Pearl Loan, Pearl and

8  MSI represented as follows . . ." *Id.* at ¶ 22.  Biodata does not allege the name of the person who

9  made these "misrepresentations," whether they were made in person or over the telephone,

10  spoken or written. Biodata fails to allege the "who", "where", and "how" as to any of the alleged

11  misrepresentations regarding the 2014 and 2016 Agreements.

12  **E.**     **Each Of Biodata's Claims Are Barred By Res Judicata And Should Be**

13          **Dismissed For Failure To State A Claim**

14          The doctrine of res judicata bars a party from bringing a claim if a court of competent

15  jurisdiction has rendered a final judgment on the merits of the claim in a previous action

16  involving the same parties or their privies.  *Robertson v. Isomedix, Inc.* (*In re International*

17  *Nutronics, Inc.*), 28 F.3d 965, 969 (9th Cir. 1994).  Federal Courts considering the preclusive

18  effect of a prior state court judgment must apply the claim preclusion law of the state which

19  rendered the judgment.  28 U.S.C. § 1738.

20          Here, Pearl already obtained a final judgment against Biodata in New York[2] for the sums

21  owed to Pearl under the 2016 Agreement.  RJN, Exh. 2.  Despite this judgment on the 2016

22  Agreement in New York, Biodata now sues Pearl in this action for relief under the very same

23  agreement.  Since all of Biodata's claims for relief against Pearl either expressly rely on the 2016

24  Agreement, or generally reference it, each is barred by res judicata.  *See* Complaint ¶¶ 35, 40, 49,

25  —————————————————

26  [2] Similar to California law, under New York law, "a valid final judgment bars future actions
between the same parties on the 'same cause of action.'"  *Reilly v. Reid*, 45 N.Y.2d 24, 27 (N.Y.
1978) (internal citations and quotations omitted); *Xiao Yang Chen v Fischer*, 6 N.Y.3d 94, 100

27  (N.Y. 2005) ("once a claim is brought to a final conclusion, all other claims arising out of the
same transaction or series of transactions are barred, even if based upon different theories or if

28  seeking a different remedy") (internal quotations and citations omitted).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

54, 58, 63, 67, 71, 80, 83, 89, 92, 96, 101, 108, 116, 124.

### 1.    Both Actions Involve The Same Parties.

On November 25, 2016, a Judgment of Confession ("Judgment") was entered in the Supreme Court of New York.  RJN, Exh. 2.  The Judgment lists Pearl as the Plaintiff, and Biodata, its various corporate entities, and guarantors as Defendants.[3]  *Id.*

### 2.    Both Actions Involve The Same Transaction Giving Rise To Biodata's Claims.

New York law determines what constitutes the same claim for relief.  In determining whether res judicata applies, courts analyze whether:

> The claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Reilly, supra,* 45 N.Y.2d at 27.

Biodata's claims for relief in this action are based on the 2016 Agreement.  These claims are barred because the Judgment was entered on a debt owed by Biodata pursuant to the 2016 Agreement.  Specifically, Biodata's Affidavit of Confession of Judgment, filed in the New York action, confirms that the Judgment resolves the "debt justly due to [Pearl] arising from [Pearl]'s purchase of the receivables of Biodata."  RJN Exh. 3 at ¶¶ 3, 6.

Biodata acknowledges that "Pearl filed and obtained a Judgment by Confession on or about November 25, 2016."  Complaint ¶ 31.  Despite Biodata's admission that the New York Judgment exists, Biodata asks this Court for relief under the 2016 Agreement.  Complaint ¶¶ 92-95; 30, 23, 22.  The Judgment is final and the Complaint states no basis on which the Bankruptcy

---

[3] Though the Complaint in this instance also lists MSI as a Defendant, Biodata alleges that MSI was "a company that was an agent of Pearl regarding the 2016 Pearl Loan."  Complaint ¶ 22. Thus, the parties in this action are the same as in the New York action.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

10

1    Court can set the Judgment aside.

2    **3.    There Was A Valid Final Judgment Entered.**

3    For res judicata to apply, the valid final judgment must be "on the merits." *In re Hunter*, 4

4    N.Y.3d 260, 270 (N.Y. 2005) ("Under the doctrine of res judicata, a party may not litigate a claim

5    where a judgment on the merits exists from a prior action between the same parties involving the

6    same subject matter").  Additionally, under New York law, a judgment of confession "may be

7    docketed and enforced in the same manner and with the same effect as a judgment in an action in

8    the supreme court."  N.Y. C.P.L.R. § 3218.

9    Here, the Judgment against Biodata was a valid final judgment on the merits, entered by

10   the Supreme Court of New York, and thus res judicata applies.  RJN, Exh. 2, 3.

11   **III.    BIODATA'S COMPLAINT IS UNCERTAIN AS TO EACH CLAIM FOR RELIEF**

12   **AND THE COURT SHOULD GRANT PEARL'S MOTION FOR A MORE**

13   **DEFINITE STATEMENT UNDER FRCP 12(e)**

14   Rule 12(e) states in part: "If a pleading to which a responsive pleading is permitted is so

15   vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,

16   the party may move for a more definite statement."  Fed. R. Civ. Proc. 12(e).  "The proper test in

17   evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a

18   sufficient basis to frame his responsive pleadings."  *Federal Sav. and Loan Ins. Corp. v.*

19   *Musacchio,* 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).  "A Rule 12(e) motion is proper only

20   where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim

21   being asserted and therefore cannot reasonably be expected to frame a proper response."  *Gregory*

22   *Vill. Partners, L.P. v. Chevron U.S.A., Inc.,* 805 F.Supp.2d 888, 896 (N.D. Cal. 2011) (internal

23   quotations and citations omitted).

24   In fact, it has been held that, when faced with a lengthy ambiguous complaint, a defendant

25   is <u>expected</u> to move for a more definite statement.  *See Anderson v. District Bd. of Trustees of*

26   *Central Florida Comm. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996).  If the defendant fails to do so,

27   the Court should order a more definite statement *sua sponte* as a means of enforcing the

28   requirement of Civil Rule 8 that the allegations of a pleading be "clear and concise."  *Id.*

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

Here, each of Biodata's claims for relief stem from two purported "loan" agreements entered into in 2014 and 2016. Complaint ¶¶ 36, 41, 49, 55, 61, 64, 68, 75, 81, 84, 90, 93, 97, 102, 109, 117, 118, 124. As shown above, Biodata does not attach the agreements to the Complaint, nor allege their material terms. Accordingly, Pearl is prevented from forming a responsive pleading as to any of Biodata's seventeen claims for relief.

**A.    Biodata's Complaint Is Uncertain As To The Formation Of The 2014 And 2016 Agreements.**

Biodata does not allege with any specificity *when* the 2014 and 2016 Agreements were entered into. Complaint ¶¶ 21-22. The Complaint alleges that Biodata "fell victim to a series of predatory lenders" in 2013. *Id.* at ¶ 10. Biodata then summarily alleges that its first agreement with Pearl was entered into "in or about December 2014," but does not provide a specific date. *Id.* at 22. Biodata alleges a second agreement between the parties in 2016, but does not allege a general time frame in 2016 when the agreement was entered into. *Id*. This uncertainty prevents Pearl from forming a response to Biodata's claims for relief based on these agreements because the Complaint does not apprise Pearl of their formation date.

Biodata's Complaint is equally devoid of any allegations concerning *how* the 2014 and 2016 Agreements were entered into. Biodata alleges that "during the discussion regarding the 2014 Pearl Loan, among other material misrepresentations, Pearl represented as follows . . . ." *Id.* at ¶ 21. However, Biodata does not allege the name of the individual who made these "misrepresentations," whether they were made in person or over the telephone, or spoken or written. *Id.* Biodata employs the same uncertain language as to the formation of the 2016 Agreement, alleging "[t]he Debtor dealt with both Pearl and MSI, a company that was an agent of Pearl regarding the 2016 Pearl Loan. During the discussion regarding the 2016 Pearl Loan, Pearl and MSI represented as follows . . ." *Id.* at ¶ 22. The uncertainty of these allegations prevents Pearl from forming a response to Biodata's allegations because Pearl doesn't know who at Biodata spoke with whom at Pearl or MIS, and what form these "discussions" took.

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**
BN 28026083V6

**B.      Biodata's Complaint Is Uncertain As To The Terms Of The 2014 And 2016 Agreements.**

Biodata's allegations regarding the terms of the 2014 and 2016 Agreements are also uncertain because Biodata fails to attach the agreements, identify the documents which comprise the agreements, or allege any of the material terms from these agreements.  Biodata only alleges as follows:

- "Although the agreements documenting the 2014 Pearl Loan and 2016 Pearl Loan (collectively the "Pearl Loans") assert that the transactions involved the purchase of 'receipts' or 'proceeds,' each transaction when viewed in its totality, is a loan transaction."  Complaint ¶ 23.

-  "The Pearl Loan included an alleged 'broad form' security agreement that is inconsistent with ownership of any alleged 'receipts' . . ."  *Id.* at ¶ 24(E).

- "The 2014 Pearl Loan includes an alleged guaranty that is inconsistent with the contention that the transaction was a purchase and sale of any future 'receipts'. . ." *Id.* at ¶ 24(F).

- "The loan documents, in general do not use the term loan but are inconsistent with an alleged sale of 'receipts'."  *Id.* at  ¶ 24(H).

- "The default provision in the loan documents makes non-payment a default which is inconsistent with an alleged sale of 'receipts' . . . ."  *Id.* at ¶ 24(I).

- "The loan documents do not attempt to separate the alleged portion of the borrower's 'receipts' or 'proceeds' that supposedly belongs to Pearl . . . ."  *Id.* at ¶ 24(J).

- "The business and accounting records of both Plaintiff and Pearl treated the transaction as a loan under the standards of the Financial and Accounting Standards Board."  *Id.* at ¶ 24(N).

Biodata does not cite directly to, or quote from, provisions in the agreements.  Pearl is in the dark as to what "loan documents" and "business and accounting records" Biodata refers to.  This lack of specificity leaves Pearl unable to respond to the Complaint.

13

**C.    Biodata Does Not Identify the Transfers It Alleges Are Subject to Avoidance and Recovery.**

By its 3rd, 5th, 6th and 7th claims for relief, Biodata seeks to avoid and recover unspecified amounts from Pearl as preferential transfers or fraudulent conveyances, as follows:

- "Pearl made or received transfers in an amount to be proven of Plaintiffs' assets for or on account of antecedent debt claimed to be owed by Plaintiffs to Pearl within 90 days of the date of the filing of Plaintiff's Bankruptcy case.  Plaintiffs are informed and believe and thereupon allege that Pearl improved its position vis-a-vis Plaintiffs in an amount in excess of $50,000 within 90 days of the filing date."  Complaint ¶ 50.

- "The Pearl Loans and alleged loans and/or purchases and/or payments there-under were avoidable preferences and/or fraudulent transfers." *Id.* at ¶ 61.

- "Pearl made or received transfers in an amount to be proven of Plaintiff's assets for less than reasonably equivalent value within 2 years of the date of the filing of Plaintiff's Bankruptcy case.  These transfers include, without limitation, the Pearl Loans, the alleged security granted under the Pearl Loans and all payment made there-under and/or the alleged sale of Plaintiff's assets for less than equivalent value." *Id.* at ¶ 64.

- "Pearl made or received transfers in an amount to be proven of Plaintiff's assets for less than reasonably equivalent value within 4 years of the date of the filing of Plaintiff's Bankruptcy case.  These transfers include, without limitation, the Pearl Loans, the alleged security granted under the Pearl Loans and all payment made there-under and/or the alleged sale of Plaintiff's assets for less than equivalent value." *Id.* at ¶ 68.

Again, Pearl is left to guess as to the amount and timing of the transfers that Biodata alleges were preferential or fraudulently conveyed.  Further, Pearl cannot transfer assets of Biodata as alleged in the Complaint.  Moreover, the bare recitation of the elements of a preferential transfer or fraudulent conveyance does not satisfy the pleading standards articulated

14

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

by the Supreme Court in *Iqbal* and *Twombly*.  Without greater specificity regarding the amounts

targeted by Biodata, Pearl is unable to respond to the Complaint.

### D.    Biodata Alleges That Pearl Did Not Comply With Laws and Regulations, But Does Not Identify What Laws And Regulations Are Referred To

Biodata alleges in its Complaint that:

- "Pearl represented that the loan complied with **all applicable laws**."  Complaint ¶ 21(G) (emphasis added).

- "Pearl failed to state the actual interest rate on the loan and **failed to make federal and state mandated disclosures** regarding the loans."  *Id.* at ¶ 21(F) (emphasis added).

- "[Defendants] represented that the loan complied with **all applicable laws**."  *Id.* at ¶ 22(G) (emphasis added).

- "[Defendants] failed to state the actual interest rate on the loan and failed to **make federal and state mandated disclosures** regarding the loans."  *Id.* at ¶ 22(F) (emphasis added).

- "Pearl failed to exercise due care by failing to be licensed[4] and failing to comply with California's statutes and regulations pertaining to lending."  *Id.* at ¶ 128 (emphasis added).

Pearl is left wondering what laws and regulations it purportedly claimed the agreements

complied with or what federal and state mandated disclosure it did not make.  This lack of

specificity prevents Pearl from being able to refute Biodata's claims.

## IV.    CONCLUSION

Biodata's mere recitation of the elements of its claims for relief is not entitled to the

presumption of truth because these allegations do not "contain sufficient allegations of underlying

facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v.*

*Baca*, *supra*, 652 F.3d at 1216.  Moreover, the allegations of the Complaint fail to "plausibly

---

[4] Contrary to Biodata's assertion that Pearl is not a licensed lender, Pearl is a California licensed lender.  RJN, Ex 1.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**

1  suggest an entitlement to relief, such that it is not unfair to require the opposing party to be

2  subjected to the expense of discovery and continued litigation." *Id.*

3      Because Biodata's Complaint does not satisfy the pleading standards established by

4  Rule 12, Pearl should not be subjected to the expense of discovery and litigation in order to divine

5  the nature of Biodata's Complaint.    Accordingly, the Complaint should be dismissed in its

6  entirety, with prejudice.  In the alternative, Biodata should be directed to amend its Complaint to

7  more definitely allege its claims.

8  DATED:  February 22, 2017                    BUCHALTER, A Professional Corporation

9

10                                             By: /s/ Valerie Bantner Peo

11                                                 _____
                                                   VALERIE BANTNER PEO
                                                   Attorneys for Defendant
12                                                 PEARL BETA FUNDING, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**M.P.A. I.S.O. MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**
BN 28026083V6