1  BUCHALTER, A Professional Corporation
DENISE H. FIELD (SBN: 111532)
2  VALERIE BANTNER PEO (SBN: 260430)
BRANDON M. CARR (SBN: 280959)
3  55 Second Street, Suite 1700
San Francisco, CA 94105-3493
4  Telephone: (415) 227-0900
Fax: (415) 227-0770
5  Email: vbantnerpeo@buchalter.com

6  Attorneys for Defendant
PEARL BETA FUNDING, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    RIVERSIDE DIVISION

11  In re:                                    Case No.: 6:16-bk-20446 (MW)

12                                            Chapter: 11
   BIODATA MEDICAL LABORATORIES,
13  INC.,

14        Debtor.

15
   BIODATA MEDICAL LABORATORIES,
16  INC.,                                     Adv. Case No. 6:16-ap-01298

17                                            **REPLY IN SUPPORT OF MOTION (1) TO
                                             DISMISS COMPLAINT AND (2) FOR A
18        Plaintiff,                          MORE DEFINITE STATEMENT**

19     vs.                                    **Date:      April 13, 2017
                                             Time:      9:00 a.m.**
20
   PEARL BETA FUNDING, LLC; and              **Location: Video Courtroom 225
21  MERCHANT SOURCE, INC.                                3420 Twelfth Street
                                                        Riverside, CA 92501**
22
                                             **Or**
23        Defendant.

24                                            **411 West Fourth Street
                                             Court 6C
25                                            Santa Ana, CA 92701**

26                                            **[Appearances may be made at either
                                             courtroom]**
27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1

2

## Table of Contents

3

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   BIODATA INCORRECTLY ARGUES THE AGREEMENTS ARE USURIOUS .......... 1

    A.    Biodata Does Not State a Claim for Usury Under California Law ........................ 1

    B.    Biodata Does Not State a Claim for Usury Under New York Law ....................... 2

III.  BIODATA FAILS TO STATE A CLAIM FOR FRAUD.................................................. 4

IV.   RES JUDICATA IS A BAR .................................................................................... 6

V.    THE COMPLAINT REQUIRES A MORE DEFINITE STATEMENT UNDER
RULE 12(E) ......................................................................................................... 7

VI.   CONCLUSION ..................................................................................................... 7

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1

**Table of Authorities**

2

**Page**

3

**Cases**

4
*Aguayo v. Amaro*
213 Cal.App.4th 1102 (2013) ................................................................................................. 2

5

*Antonious v. Muhammad*
6    873 F.Supp. 817 (S.D.N.Y. 1995) ......................................................................................... 5

7    *Chartock v National Bank of California*
(Sup.Ct.) 2017 NY Slip Op 30357(U), at * 1-2, 4 .............................................................. 3

8

*Edwards v. Marin Park, Inc.*
9    356 F.3d 1058 (9th Cir. 2004) ................................................................................................ 5

10   *Fadina v Meghan Beard, Inc.*
(Sup.Ct.) 2010 NY Slip Op 31677(U), at *10 ...................................................................... 6

11

*Fladeboe v. American Isuzu Motors Inc.*
12   150 Cal.App.4th 42 (2007) ..................................................................................................... 2

13   *IBIS Capital Group, LLC v Four Paws Orlando LLC*
(Sup.Ct.) 2017 NY Slip Op 30477(U), at *9 ....................................................................... 3

14

*Jones v. Wells Fargo Bank*
15   112 Cal.App.4th 1527 (2003) ................................................................................................. 2

16   *Moore v. Iiill*
188 Cal.App.4th 1267 (2010) ................................................................................................. 2

17

*Moore v. Kayport Package Express*
18   885 F.2d 531 (9th Cir. 1989) .................................................................................................. 4

19   *Morici v. HashFast Techs. LLC*
(N.D.Cal. Feb. 27, 2015, No. 5:14-cv-00087-EJD) 2015 U.S.Dist.LEXIS 24251, at *11 ......... 4

20

*Pearl Capital Rivis Ventures, LLC v. RDN Const., Inc.*
21   54 Misc. 3d 470, (N.Y. Sup Ct. 2016) ................................................................................... 3

22   *Professional Merchant Advance Capital, LLC v Your Trading Room, LLC*
(Sup.Ct.) 2012 NY Slip Op 33785(U), at *13 ...................................................................... 3

23

*Quatrochi v Citibank, N.A.*
24   210 AD 2d 53 (1st Dept 1994) ............................................................................................... 3

25

26

27

28

BUCHALTER
A Professional Corporation
San Francisco

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1

**Statutes**

2

Cal. Fin. Code § 22002 ................................................................................................ 2

3

**Rules**

4

Fed.R.Civ.Proc. Rule 12(e) ....................................................................................... 1, 6

5

Fed.R.Civ.Proc. Rule 9(b) ...................................................................................... 1, 4, 5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER

A PROFESSIONAL CORPORATION

iii

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

## I.    INTRODUCTION

Plaintiff Biodata Medical Laboratories, Inc.'s ("Biodata's") Opposition is based on five arguments, all of which fail: 1) The 2016 Merchant Agreement ("2016 Agreement")  between Biodata and Defendant Pearl Beta Funding, LLC ("Pearl") is usurious under California law; 2) The 2016 Agreement is usurious under New York law; 3) The Complaint states a claim for fraud under Federal Rules of Civil Procedure Rule 9(b)'s heightened pleading standard; 4) The doctrine of res judicata does not bar Biodata's claims because an appeal is pending; and 5) The Complaint does not require a more definite statement under Rule 12(e).

Each of these arguments is without merit.  Biodata's first argument fails because it is undisputed that Pearl holds a valid lenders license exempting it from California usury law, and therefore every claim based on usury under California law must fail. Biodata's second argument fails because the 2016 Agreement expressly provides that payments are _contingent_, and therefore the 2016 Agreement is not a loan and every claim based on usury under New York law must fail. Biodata's third argument fails because Biodata fails to show that the Complaint pleads fraud with the requisite specificity; notably Biodata cannot identify _who_ made the alleged misrepresentations, a fatal flaw.  Biodata's fourth argument fails because under New York law, judgments under appeal are still considered final judgments, and thus res judicata bars Biodata's claims. Biodata's fifth argument fails because Biodata fails to attach or plead the material terms of the two agreements which form the foundation of all of Biodata's allegations. Biodata's claim that "the terms of the agreement can be ascertained in discovery" is a belated attempt to mend a flawed Complaint that does not provide enough information for Pearl to form a responsive pleading.

Biodata's Opposition fails to address the fatal defects of the Complaint, and thus the Court should grant Pearl's motion to dismiss without leave to amend, or in the alternative, grant Pearl's motion for a more definite statement without leave to amend.

## II.   BIODATA INCORRECTLY ARGUES THE AGREEMENTS ARE USURIOUS

### A.    Biodata Cannot State a Claim for Usury Under California law

Biodata's characterization of the 2016 Agreement as a loan has no effect on whether the

1

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1    agreement is usurious under California law because Pearl holds a valid finance lenders license in

2    California. Thus, Biodata fails to state a claim for usury under California law.

3         Pursuant to California Financial Code § 22002, licensed finance lenders are specifically

4    named as members of a "class of persons authorized by statute" as <u>exempt</u> from the usury law.

5    *See* Cal. Fin. Code, § 22002; *see also Moore v. Iiill*, 188 Cal.App.4th 1267, 1280

6    (2010)("[licensed lender] is a member of a "class of persons authorized by statute" as exempt

7    from the usury law, namely licensed financial lenders as provided under section 22002 of the

8    Financial Code."); *Jones v. Wells Fargo Bank*, 112 Cal.App.4th 1527, 1537-38 (2003)

9    (explaining that the determination of whether a transaction is a loan or not has no bearing on

10    whether it is usurious when the "agreement fit within a legally authorized exception to the general

11    usury law.").[1]

12         Here, Pearl holds a valid finance lenders license so the 2016 Agreement cannot be

13    usurious, regardless of whether the Complaint incorrectly characterizes it as a loan, and thus

14    Biodata fails to state a claim for usury under California law.[2]

15         **B.    Biodata Does Not State a Claim for Usury Under New York Law**

16         The 2016 Agreement expressly provides that payments are <u>contingent</u>, and therefore the

17    2016 Agreement is not a loan and every claim based on usury under New York law must fail. The

18    2016 Agreement expressly provides that "payment is conditioned upon [Biodata]'s sale of

19    products and services, and the payment therefore by [Biodata]'s customers."  Pearl's Request for

20

21    [1] Biodata also argues that Pearl is not exempt from usury as a licensed finance lender because the
transaction was unconscionable. However, the case Biodata cites to for this point shows just the
22    opposite.  In *Jones v. Wells Fargo Bank* (2003) 112 Cal.App.4th 1527 the court found that
because a transaction charging a usurious interest rate fell into one of the many statutory
23    exceptions to California's usury law, it could not be substantively unconscionable. *Id* at 1040.
Here, Pearl is a <u>licensed finance lender</u> falling within such an exception, and thus the 2016
24    Agreement cannot be substantively unconscionable.

25    [2] Biodata's argument regarding unclean hands also fails. "The [unclean hands] doctrine demands
that a plaintiff act fairly in the matter for which he seeks a remedy." *Fladeboe v. American Isuzu
26    Motors Inc.*, 150 Cal.App.4th 42, 56 (2007).  In order for the unclean hands defense to apply, the
conduct giving rise to the unclean hands must mirror the alleged wrongdoing at-issue. *Aguayo v.
27    Amaro*, 213 Cal.App.4th 1102, 1110 (2013) ("Not all wrongful conduct constitutes unclean
hands. Only if the misconduct is directly related to the cause at issue can a defendant invoke the
28    doctrine.").

1   Judicial Notice ("RJN"), Exh. 4, § 1.10. The contingent nature of payment by Biodata under the

2   2016 Agreement puts this transaction squarely outside of New York's usury law. *See*

3   *Professional Merchant Advance Capital, LLC v Your Trading Room, LLC*, (Sup.Ct.) 2012 NY

4   Slip Op 33785(U), at *13 ("Where payment or enforcement rests upon a contingency, the

5   agreement is valid even though it provides for a return in excess of the legal rate of interest.");

6   *Professional Merchant Advance Capital, LLC v Your Trading Room, LLC* (Sup.Ct.) 2012 NY

7   Slip Op 33785(U), at *13 ("Unless a principal sum advanced is repayable absolutely, the

8   transaction is not a loan.  Where payment or enforcement rests upon a contingency, the agreement

9   is valid even though it provides for a return in excess of the legal rate of interest.") (internal

10  citations omitted); *Matter of Lynx Strategies LLC v Ferreira* (Sup.Ct.) 2010 NY Slip Op

11  51159(U), at *4 ("The concept of usury applies to loans, which are typically paid at a fixed or

12  variable rate over a term. The instant transaction, by contrast, is an ownership interest in proceeds

13  for a claim, contingent on the actual existence of any proceeds.").

14      In addition, the 2016 Agreement's express provision for adjusted monthly payment is a

15  hallmark of contingent payment.  *See* RJN Exh. 4, § 1.4 ("[Biodata] may request that [Pearl]

16  reconcile [Biodata]'s actual receipts and adjust the Specific Amount so that the amount received

17  by [Pearl] in the future more closely represents the Specified Percentage."); *Chartock v National*

18  *Bank of California*, (Sup.Ct.) 2017 NY Slip Op 30357(U), at * 1-2, 4 (a purchase and sale

19  agreement with payments "reconciled monthly such that the ultimate amount paid would reflect

20  the agreed-upon portion of the [purchased] deposits" is not a loan but instead "is unquestionably a

21  purchase of receivables, not a lone, to which the laws of usury apply."); *IBIS Capital Group, LLC*

22  *v Four Paws Orlando LLC*, (Sup.Ct.) 2017 NY Slip Op 30477(U), at *10 (where payment

23  "amount adjusted every two weeks to reflect the Business Defendant's changing collection of

24  sales proceeds" the payment is contingent).

25      Furthermore, the 2016 Agreement's express lack of time frame for repayment is another

26  hallmark of contingent payment.  *See* RJN Exh. 4, § 1.2 ("This Agreement shall remain in full

27  force and effect until the entire Purchase Amount and any other amounts due are received by

28  [Pearl] as per the terms of this Agreement."); *IBIS Capital Group, LLC v Four Paws Orlando*

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

3

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1  *LLC*, *supra* 2017 NY Slip Op 30477(U), at *9 (a purchase and sale agreement's "lack of a

2  specific ending date is consistent with the contingent nature of each and every collection of future

3  sales proceeds" and thus the transaction is not a loan); *Retail Capital, LLC v Spice Intentions Inc.*

4  (Sup.Ct.) 2016 NY Slip Op 32614(U), at *2, 7 (where, "[t]he agreement does not provide for a

5  fixed payment term and provides for the plaintiff's collection of sales proceeds to fluctuate with

6  the actual revenue of the defendants' business," the court held that "the clear terms of the

7  agreement state explicitly that the transaction between the parties was not a loan.").

8      Biodata incorrectly relies on *Pearl Capital Rivis Ventures, LLC v. RDN Const., Inc.,* 54

9  Misc. 3d 470, (N.Y. Sup Ct. 2016), to argue that the sale of receipts in this case was a loan.[3]

10  *Pearl Capital Rivis* involved an ostensible sale of receipts in exchange for fixed monthly

11  payments. *Id.* at 471.  The Court ruled the transaction was a loan because payment was not

12  contingent and thus the purchaser did not assume the risk of nonpayment, the true test for usury

13  under New York law. *Id.* at 475.  The court explained that that purchaser was "unable, when

14  pressed by the Court to point to a non-recourse provision in the Merchant Agreement by which

15  plaintiff assumed the risk that it might not be able to collect payments from the instant

16  defendants' account receivables." *Id.*

17      As shown above, the express terms of the 2016 Agreement provide that payment is

18  contingent, and therefore Biodata fails to state a claim for usury under New York law.[4]

19  **III.   BIODATA FAILS TO STATE A CLAIM FOR FRAUD**

20      Biodata claims that it has sufficiently pled the necessary "who, what, when, where and

21  how" of its fraud claims.  Not so.

22

23  [3] Biodata makes an unfounded argument that in the cited case Pearl committed criminal usury.  In
fact, Pearl is a distinct entity from Pearl Capital Rivis Ventures, LLC. *See* RJN Exhs. 5, 6.

24  [4] Biodata's allegation that the 2016 Agreement is a loan, should not be taken as true for purposes

25  of this motion because it contradicts judicially noticeable evidence.  Though, a plaintiff's
plausible allegations in the complaint must be taken as true, "allegations consisting of bare legal

26  conclusions, as well as factual claims either inherently incredible or contradicted by documentary
evidence, are not entitled to such consideration." *Quatrochi v Citibank, N.A.*, 210 AD 2d 53, 53

27  (1st Dept 1994) (internal citation omitted). Biodata's claim that the 2016 Agreement constitutes a
loan is contradicted by the clear terms of the agreement and thus may not be given a presumption

28  of truth.

1    Importantly, Biodata does not even attempt to claim it pled the "who" as to its fraud

2    claims. The Complaint does not allege in any way who made the alleged misrepresentation which

3    form the basis of Biodata's fraud claim, and thus the entire claim fails. When alleging the "who"

4    against a corporation, the plaintiff must specify the agent of the corporation that made the

5    representation. *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1989) ("Rule

6    9(b) requires that the pleader state the time, place, and specific content of the false representations

7    as well as the identities of the parties to the misrepresentation."). Biodata's Complaint fails in

8    this regard, Biodata cannot state a claim for fraud because it does not even allege who perpetrated

9    the alleged fraud, a fatal flaw.

10    Indeed, where a plaintiff merges multiple defendants together without sufficient detail (i.e.

11    Pearl Beta Funding, Pearl Capital Rivis, and Merchant Source Inc.), the Complaint must allege

12    specifics regarding the purported fraud. *See Morici v. HashFast Techs. LLC*, (N.D.Cal. Feb. 27,

13    2015, No. 5:14-cv-00087-EJD) 2015 U.S.Dist.LEXIS 24251, at *11 (not meeting 9(b)'s standard

14    when "after collectively defining all of the named defendants, including individual defendants

15    Barber and deCastro, as "Hashfast," Plaintiff attributes nearly every fraudulent statement to []

16    "Hashfast" [] without distinguishing which entity or individual was actually responsible for the

17    misrepresentation."). The Complaint fails to allege with any detail how the defendants are

18    related, and thus Biodata cannot state a claim for fraud.

19    Biodata contends that it pled "what" the misrepresentations were at paragraphs 21, 22,

20    117, and 118 of the Complaint. However, in paragraphs 21, 22, 117, and 118 Biodata does not

21    provide the specific misrepresentations giving rise to its fraud claim. These paragraphs vaguely

22    conclude without any facts that Pearl failed "to make federal and state mandated disclosures," and

23    represented that "the loan complied with all applicable laws." These vague and conclusory

24    allegations do not comply with Rule 9(b)'s heightened pleading standard for fraud.

25    Biodata also inaccurately claims that it sufficiently pled "why" the alleged

26    misrepresentations were false at paragraphs 24, and 120 of the Complaint. However, in

27    paragraphs 24 and 120 Biodata alleges new theories that have nothing to do with

28    misrepresentations (i.e. the 2016 Agreements are contracts of adhesion), and refers to unspecified

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

5

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1  portions of the agreements without alleging the material terms or attaching the agreements.

2      Biodata also inaccurately claims that it pled "when" the alleged misrepresentations were

3  made at paragraph 21 of the Complaint.  Not so.  Biodata states in conclusory fashion that the

4  misrepresentations were made in December 2014, and in 2016.

5      Biodata does not plead "how" the misrepresentations were made at paragraphs 21 and 22

6  of the Complaint.  In paragraphs 21 and 22, Biodata alleges that "discussions" occurred without

7  stating whether these discussions were oral or written.

8      Moreover, Biodata's failure to attach the agreements on which these fraud claims are

9  based (or providing the material terms therefrom) [5] prevents Pearl from intelligently responding

10  to the claim.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (dismissing

11  fraud-based claim when plaintiff failed to state contents of alleged fraudulent eviction notices,

12  "Nor did [plaintiff] attach the notices to her Complaint or to any other filing in this case.").

13  **IV.    RES JUDICATA IS A BAR**

14      Biodata's argument that res judicata does not apply also fails because the Judgment of

15  Confession entered in New York is a final judgment on the merits.  Under New York law a

16  judgment on appeal is final for purposes of res judicata. *See Antonious v. Muhammad* 873 F.Supp.

17  817, 823-24 (S.D.N.Y. 1995) ("plaintiffs argue that the state court dismissals are not final

18  judgments because notices of appeal have been filed with the Appellate Division, Second

19  Department.  Under New York law, however, the mere pendency of an appeal does not deprive a

20  challenged judgment of its res judicata effects.  The Court therefore concludes that unless and

21  until the state court judgments are reversed by the Appellate Division, Second Department, they

22  continue to constitute finial binding adjudications.")(internal citations omitted); *accord Fadina v*

23  *Meghan Beard, Inc.*, (Sup.Ct.) 2010 NY Slip Op 31677(U), at \*10.

24      Here, Biodata may have appealed the judgment, however, the judgment is still final for

25  purposes of res judicata. Thus, all claims are barred by res judicata.

26

27

28  [5] See section V below.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

6

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**
BN 28293426V5

1  **V.    THE COMPLAINT REQUIRES A MORE DEFINITE STATEMENT UNDER**

2  **RULE 12(e)**

3       Biodata's argument that the Complaint is detailed enough to satisfy Rule 12(e) fails

4  because the Complaint does not specifically allege the material terms or attach the agreements

5  which form the basis of all of Biodata's allegations.  Thus, Pearl is prevented from forming a

6  responsive pleading because the basic foundation of Biodata's allegations is missing from the

7  Complaint.  Rule 12(e) states in part: "If a pleading to which a responsive pleading is permitted is

8  so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,

9  the party may move for a more definite statement."  Fed.R.Civ.Proc. 12(e).  "The proper test in

10  evaluating a motion under Rule 12(e) is whether the Complaint provides the defendant with a

11  sufficient basis to frame his responsive pleadings."

12       Here, the Complaint does not allege the basic facts to permit Pearl to form a response.  All

13  of Biodata's claims in the Complaint appear to be based on two agreements; however, Biodata

14  never alleges the material terms or attaches the agreements to the Complaint.  Biodata's claim

15  that "the terms of the agreement can be ascertained in discovery" is a belated attempt to mend the

16  flawed Complaint, and does not provide enough information for Pearl to form a responsive

17  pleading as required by law.

18  **VI.    CONCLUSION**

19       Biodata fails to provide any support for the claims alleged.  Accordingly, Pearl

20  respectfully requests that the Court grant Pearl's motion to dismiss, or in the alternative, grant

21  Pearl's motion for a more definite statement.

22  DATED:  April 6, 2017                    BUCHALTER, A Professional Corporation

23

24                                    By: /s/ Valerie Bantner Peo

25                                    VALERIE BANTNER PEO
                                          Attorneys for Defendant
26                                    PEARL BETA FUNDING, LLC

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Buchalter, A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA  94105-3493

A true and correct copy of the foregoing document entitled (*specify*):

- **REPLY IN SUPPORT OF MOTION (1) TO DISMISS COMPLAINT AND (2) FOR A MORE DEFINITE STATEMENT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **<u>April 6, 2017</u>**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **Robert M Yaspan**   court@yaspanlaw.com, tmenachian@yaspanlaw.com

☑  Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) **<u>April 6, 2017</u>**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Merchant Source, Inc.**
110 Jericho Tpke, Suite 212
Floral Park, NY 11001

☑  Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **<u>April 6, 2017</u>**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5

1 | is filed.

2 | <u>VIA FEDEX OVERNIGHT</u>
3 | **Honorable Mark S. Wallace**
United States Bankruptcy Court
4 | Central District of California
Ronald Reagan Federal Building and Courthouse
5 | 411 West Fourth Street, Suite 6135 / Courtroom 6C
Santa Ana, CA 92701-4593
6 |
7 |                             ☑   Service information continued on attached page

8 | I declare under penalty of perjury under the laws of the United States that the foregoing
is true and correct.
9 |

10 | April 6, 2017              Hallina Pohyar                    /s/ Hallina Pohyar
*Date*                     *Type Name*                    *Signature*

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**REPLY ISO MOTION DISMISS COMPLAINT AND FOR MORE DEFINITE STATEMENT**

BN 28293426V5