BUCHALTER
A Professional Corporation
DENISE H. FIELD (SBN: 111532)
VALERIE BANTNER PEO (SBN: 260430)
BRANDON M. CARR (SBN: 280959)
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Fax: (415) 227-0770
Email: vbantnerpeo@buchalter.com

Attorneys for Defendant
MERCHANT SOURCE, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>BIODATA MEDICAL LABORATORIES, INC.,<br><br>Debtor. | Case No.: 6:16-bk-20446 (MW)<br><br>Chapter: 11 |
| BIODATA MEDICAL LABORATORIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PEARL BETA FUNDING, LLC; and MERCHANT SOURCE, INC.<br><br>Defendant. | Adv. Case No. 6:16-ap-01298<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MERCHANT SOURCE INC.'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:     **August 30, 2017**<br>Time:    **9:00 a.m.**<br><br>Location: Video Courtroom 225<br>              3420 Twelfth Street<br>              Riverside, CA 92501<br><br>              Or<br><br>              411 West Fourth Street<br>              Court 6C<br>              Santa Ana, CA 92701<br><br>**[Appearances may be made at either courtroom]** |

# TABLE OF CONTENTS

**Pages**

I. INTRODUCTION .................................................................................................................. 1

II. THE COURT SHOULD DISMISS THE ACTION WITH PREJUDICE FOR
FAILURE TO STATE A CLAIM UNDER FRCP 12(B)(6). ............................................. 3

    A. Biodata's Complaint Fails To State A Claim For Relief Against MSI ................... 3

    B. Biodata's Claims Premised On The Allegation That The Agreement Is
Usurious Fail As A Matter Of Law ......................................................................... 4

        1. Biodata Fails To Plead Facts Showing MSI Committed Usury as a
Broker ........................................................................................................... 5

        2. The Agreement Is Not Usurious Under Either California Or New
York Law And Thus Biodata Fails To State Any Claims Based On
Usury Against MSI ...................................................................................... 6

    C. Biodata's 1st Claim For Declaratory Relief Should Be Dismissed For
Failure To State A Claim ......................................................................................... 7

    D. Biodata's 15th Claim For Relief For Fraud Should Be Dismissed For
Failure To State A Claim ......................................................................................... 8

    E. Biodata's 8th Claim Should Be Dismissed For Failure To State A Claim ........... 11

III. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*April Enterprises, Inc. v. KTTV*, (1983) 147 Cal.App.3d 805 .... 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .... 3

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) .... 3

*Conley v. Gibson*, 355 U.S. 41 (1957) .... 3

*Donatelli v. Siskind*, 170 A.D.2d 433 (N.Y.App.Div. 1991) .... 6

*Dumas v. Kipp*, 90 F.3d 386 (9th Cir. 1996) .... 4

*Fisher v. Tice*, (S.D.N.Y. July 5, 2016, No. 15cv955 (LAK) (DF)) 2016 U.S.Dist.LEXIS 87792, 38 .... 7

*Holtz v. United Plumbing & Heating Co.*, (1957) 49 Cal.2d 501 .... 7

*Kidz Cloz, Inc. v. Officially for Kids, Inc.*, (S.D.N.Y. 2004) 320 F.Supp.2d 164 .... 7

*Menjivar v. Wells Fargo Bank, N.A. (In re Menjivar)*, 2014 Bankr. LEXIS 371 (B.A.P. 9th Cir. Jan. 28, 2014) .... 4

*Moore v. Kayport Package Express*, 885 F.2d 531 (9th Cir. 1989) .... 9

*Morici v. HashFast Techs. LLC*, (N.D.Cal. Feb. 27, 2015, No. 5:14-cv-00087-EJD) 2015 U.S.Dist.LEXIS 24251, 11 .... 9

*Peterson v. Atlanta Housing Authority*, 998 F.2d 904 (11th Cir. 1993) .... 3

*Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990) .... 4

*Seidel v. 18 E. 17th St. Owners, Inc.*, 79 N.Y.2d 735 (N.Y. 1992) .... 6

*Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035 (9th Cir. 2010) .... 3

*Starr v. Baca,*
    652 F.3d 1202 (9th Cir. 2011) .................................................................................... 3

*Strom v. United States,*
    641 F.3d 1051 (9th Cir. 2011) .................................................................................... 3

*Swartz v. KPMG LLP,*
    476 F.3d 756 (9th Cir. 2007) ...................................................................................... 8

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) .................................................................................... 8

**Statutes**

Cal. Financial Code
    § 22002 ........................................................................................................................ 6

N.Y. Gen. Oblig. Law
    § 5-501 ........................................................................................................................ 7

N.Y. Penal Law
    § 190.40 ...................................................................................................................... 7

**Rules**

F.R.C.P.
    Rule 9(b) ............................................................................................................. passim

F.R.C.P.
    Rule 12(b)(6) ............................................................................................................... 3

**MPA ISO MOTION DISMISS AMENDED COMPLAINT - CASE NO.: 6:16-bk-20446 (MW)**
BN 28860418V3

## I. INTRODUCTION

Plaintiff Biodata Medical Laboratories, Inc.'s ("Biodata's" or "Plaintiff's") Amended Complaint should be dismissed for failure to state a claim because all of Biodata's allegations against Defendant Merchant Source Inc. ("MSI") are based on an agreement to which MSI was not a party, on usury claims that have been dismissed by this Court or are not applicable, and on fraud claims in which Plaintiff does not meet the heightened pleading standard, including failure to allege a misrepresentation.

Biodata's Amended Complaint arises out of allegations that a 2016 merchant agreement in which Defendant Pearl Beta Funding, LLC ("Pearl")[1] purchased certain of Biodata's future accounts receivables (the "Agreement") violates California usury laws. Defendant Merchant Source Inc. ("MSI") brokered the Agreement and is a separate and distinct entity from Pearl. *See* RJN, Exhs, 1, 2. Biodata proffers the vague and conclusory allegation that "MSI is also involved in the in the [sic] making of cash advances ("MCA Business") and is also a broker and/or lender in the transactions." Amended Complaint, ¶ 11. However, there are no facts alleged that MSI provided financing to Biodata. Significantly, MSI is not a party to the Agreement:

> "Merchant Agreement: Agreement dated June 23, 2016 between **Pearl Beta Funding, LLC** ("PBF") and the Merchant listed below ("Merchant") [**Biodata**]."

Amended Complaint, Exh. 1, Agreement, p.1 (emphasis added).[2]

Despite the fact that MSI was not a party to the Agreement, Biodata still brings five claims for relief against MSI based on usury.[3] However, Biodata fails to allege that MSI provided a loan or forbearance to Biodata and thus fails to state a claim for relief as to these

---

[1] Pearl filed a motion to dismiss the original complaint, which the Court granted with leave to amend. *See* MSI's Request for Judicial Notice ("RJN"), Exh. 4, Order Granting Motion to Dismiss Complaint With Leave to Amend. MSI was not duly served with the original complaint and thus did not respond, which resulted in the parties stipulating to a uniform date for Pearl and MSI to file their motions to dismiss the Amended Complaint. *See* RJN, Exh. 3, Order Approving Stipulation and Extending Time to Respond to the Amended Complaint.

[2] Though the Agreement is on MSI letterhead, the terms of the Agreement show that MSI was not a party. Amended Complaint, Exh. 1, Agreement, p.1.

[3] Biodata's 1st, 7th, 13th, 14th, and 15th claims for relief against MSI are all premised on allegations of usury.

claims.[4]

Biodata also alleges that the Agreement somehow constitutes a joint venture between MSI, Pearl, and Biodata. However, this argument is explicitly based on the terms of the Agreement – an agreement to which MSI was not a party. Thus, Biodata fails to allege the required elements of a joint venture under California or New York law and this claim fails.

Moreover, Plaintiff fails to state a claim for fraud by only alleging misrepresentations that amount to mere speculation based on quoting single words like "renew" or "consolidation" allegedly from e-mails between Pearl, MSI and Biodata. Amended Complaint, ¶ 112(C). Biodata fails to attach the e-mails or even allege the context of these single words, evidently hoping that the apparent use of these single words in e-mails alleges facts of a misrepresentation. Such use of single words falls short of the heightened pleading requirements of fraud.

Thus, Biodata's Amended Complaint is based on an agreement to which MSI was not a party and should be dismissed for the following reasons:

(1) Biodata alleges that the Agreement was usurious. However, Biodata fails to allege that MSI brokering an Agreement between Pearl and Biodata states a claim for usury. Furthermore, the Court already ruled that the Agreement is <u>not</u> usurious under California law. Additionally, the Agreement cannot be usurious under New York law, because under the Agreement's express provisions and New York law, Plaintiff fails to allege that the Agreement is a loan. The Agreement expressly provides: ("[Biodata] and [Pearl] agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount, and that such Purchase Price is not intended to be nor shall it be construed as a loan from [Pearl] to [Biodata].") Amended Complaint, Exh. 1, Agreement, p. 1. Since Biodata's 1st, 7th, 13th, 14th, and 15th claims for relief against MSI are all premised on allegations of usury, Biodata fails to state a claim as to each;

(2) Biodata's 15th claim for relief should be dismissed for failure to state a claim because Biodata fails to plead fraud with sufficient particularity as required by the heightened pleading standard of Rule 9(b);

(3) Biodata's 1st claim for declaratory relief asks that the Court find the Agreement is a loan, or in the alternative that it is a joint venture. This claim should be dismissed for failure to state a claim because MSI was not a party to the Agreement, the Agreement is not a loan, and because Biodata's speculative

---

[4] MSI has filed a joinder in this action as to Pearl's Motion to Dismiss the Amended Complaint because Pearl's arguments showing that the Agreement is not usurious apply equally here. *See* MSI's Joinder in Support of Motion to Dismiss Amended Complaint ("Joinder").

conjecture that certain aspects of the agreement "could be consistent with a joint venture" fails to allege the requisite elements of a joint venture under California or New York law.  Amended Complaint, ¶ 43; and

(4) Biodata's 8th claim for permanent injunction should be dismissed because Biodata fails to allege facts warranting a permanent injunction.  Since all of Biodata's other claims for relief as to the Agreement fail, so too does their claim seeking to enjoin the Agreement's enforcement.

Accordingly, Biodata cannot state a claim for relief as to any of its claims.  MSI requests that the Court grant its motion to dismiss without leave to amend.

## II. THE COURT SHOULD DISMISS THE ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6).

### A. Biodata's Complaint Fails to State a Claim for Relief against MSI

A motion pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims stated in the Complaint, measured by the pleading standards set forth in the Civil Rules and any relevant statute.  *See Strom v. United States*, 641 F.3d 1051, 1067 n.17 (9th Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*")).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint must give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Dismissal under Rule 12(b)(6) is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  The Ninth Circuit has summarized the standard for evaluating a motion to dismiss brought under Rule 12(b)(6) as follows:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such

> that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

It is not this Court's duty to rewrite the Complaint. *See Peterson v. Atlanta Housing Authority,* 998 F.2d 904, 912 (11th Cir. 1993) (affirming dismissal of claims where complaint is devoid of reference to any injury inflicted on plaintiff by defendant and which fails to give fair notice of claim). When amendment would be futile, dismissal may be ordered with prejudice. *See Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990); *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996). "Amendment is futile when it is clear that amendment would not have remedied the complaint's fatal deficiencies." *Menjivar v. Wells Fargo Bank, N.A. (In re Menjivar)* 2014 Bankr. LEXIS 371, at *16-17 (B.A.P. 9th Cir. Jan. 28, 2014).

In ruling on a Rule 12(b)(6) motion, the Court "may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). The Court can take judicial notice of court documents filed in related litigation. *See Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997).

**B.    Biodata's Claims Premised on the Allegation that the Agreement Is Usurious Fail as a Matter of Law**

Biodata's Amended Complaint against MSI is premised on the allegation that the Agreement between Biodata and Pearl is usurious. Specifically, Biodata's 1st, 7th, 13th, 14th, and 15th claims for relief are all based on allegations of usury:

- 1st Claim: "The Pearl Loan is usurious under both California and New York law." Amended Complaint, ¶ 39, N.

- 7th Claim: "The Pearl Loan is usurious per se." *Id.* ¶ 71.

- 13th Claim: "Defendants Pearl and MSI conspired with and acted in concert with each other to enter into a criminally usurious loan with Plaintiff." *Id.* ¶ 97.

- 14th Claim: Pearl and MSI violated "California and New York usury law." *Id.* ¶ 106.

- 15th Claim: The Pearl Loans are usurious under both California and New York law." *Id.* ¶ 114, K.

All of these claims premised on usury fail. Biodata fails to allege that MSI in any way financed the transaction that is based solely on the Agreement to which MSI is not a party. Furthermore, as explained in Pearl's joined motion to dismiss, the Agreement between Pearl and Biodata is not usurious under either California or New York law.

### 1.   Biodata Fails to Plead Facts Showing MSI Committed Usury as a Broker

New York usury laws apply only to a "loan or forbearance of any money or other property." N.Y. Penal Law § 190.40; see also N.Y. Gen. Oblig. Law § 5-501 ("No person or corporation shall, directly or indirectly, charge, take or receive any money, goods or things in action as interest on the loan or forbearance of any money, goods or things in action at a rate exceeding the rate above prescribed."). Likewise, California usury law only applies to those charging interest, not to those brokering a transaction. *See* Cal Const, Art. XV § 1 ("No person, association, copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than the interest authorized by this section upon any loan or forbearance of any money, goods or things in action.").

Biodata fails to allege that MSI provided a loan or forbearance under the Agreement, and thus fails to state any claims based on usury against MSI. Biodata proffers the vague and conclusory allegation that "MSI is also involved in the in the [sic] making of cash advances ("MCA Business") and is also a broker and/or lender in the transactions." Amended Complaint, ¶ 11. However, the Agreement shows that MSI is not a party to the Agreement and did not purchase any of Biodata's receipts: "Merchant Agreement: Agreement dated June 23, 2016 between Pearl Beta Funding, LLC ("PBF") and the Merchant listed below ("Merchant") [Biodata]." Amended Complaint, Exh. 1, Agreement, p.1. Biodata provides no case law implicating a broker for usury based on their role brokering a transaction.

Likewise, Biodata only provides conclusory allegations that MSI "was an agent of Pearl regarding the Pearl Loan." Amended Complaint, ¶ 25. However, Biodata does not allege the elements of an agency relationship between the two parties. As with all of Biodata's claims against MSI, these allegations amount to no more than an attempt to bootstrap MSI onto

Biodata's claims against Pearl. Since Biodata fails to allege sufficient facts showing that MSI committed usury in its role brokering the transaction, the Court should dismiss all of Biodata's usury-based claims against MSI.

### 2. The Agreement Is Not Usurious Under Either California or New York Law and Thus Biodata Fails to State Any Claims Based on Usury against MSI

In addition, the Agreement was not usurious under either California or New York law and thus Biodata's usury-based claims against MSI fail.[5]

This Court has already found that the Agreement is not usurious under California law because "Pearl Beta holds a valid California Finance Lender and Broker license and is therefore exempt from the operation of California usury law pursuant to California Financial Code § 22002." *See*, RJN, Exh. 4, Order Granting Motion to Dismiss Complaint.

Furthermore, under New York law, the existence of a loan is a necessary element of a usury claim. N.Y. Penal Law § 190.40; N.Y. Gen. Oblig. Law § 5-501; *see also Seidel v. 18 E. 17th St. Owners, Inc.*, 79 N.Y.2d 735, 744 (N.Y. 1992); *Donatelli v. Siskind*, 170 A.D.2d 433, 434 (N.Y.App.Div. 1991) ("It is well established that there can be no usury in the absence of a loan or forbearance of money"). Here, the terms of the Agreement show that "[Biodata] and [Pearl] agree that the Purchase Price under this Agreement is in exchange for the Purchased Amount, and that such Purchase Price is not intended to be nor shall it be construed as a loan from [Pearl] to [Biodata]." Amended Complaint, Exh. 1, Agreement, p. 1. Since the Agreement is a not a loan, Biodata fails to state any claims based on the allegation that the Agreement is usurious.

Since Biodata's 1st, 7th, 13th, 14th, and 15th claims for relief are all based on allegations that the Agreement is usurious, these claims all fail as a matter of law.

---

[5] The fact that the Agreement was not usurious is explained in greater detail in Pearl's motion to dismiss brought concurrently with this motion. *See* Joinder.

### C. Biodata's 1st Claim for Declaratory Relief Should Be Dismissed for Failure to State a Claim

Biodata's first claim for declaratory relief asks that the Court find the Agreement is a usurious loan, or in the alternative, that it is "a joint venture between Plaintiff and Defendants and/or a purchase of equity interest in Plaintiff, and/or an entirely different and exotic and/or hybrid form of transaction."[6] Amended Complaint, ¶ 40. As explained in the above section, the agreement is not a usurious loan. Furthermore, MSI could not have entered into a joint venture because all of these allegations rest on the terms of the Agreement – an agreement to which MSI was not a party – and thus fail to state a claim as to MSI. Amended Complaint, Exh. 1, Agreement, p.1.

Under California law,

> Whether a joint venture exists must largely depend upon determining the intention of the parties from the facts of a particular case because there is no certain and all-inclusive definition to be applied. A joint venture has been defined in various ways but most frequently perhaps as an association of two or more persons who combine their property, skill or knowledge to carry out a single business enterprise for profit. It has generally been recognized that in order to create a joint venture there must be an agreement between the parties under which they have a community of interest, that is, a joint interest, in a common business undertaking, an understanding as to the sharing of profits and losses, and a right of joint control. Such an agreement, however, need not be formal or definite in every detail relating to the respective rights and duties of the parties but may be implied as a reasonable deduction from their acts and declarations.

*Holtz v. United Plumbing & Heating Co.* (1957) 49 Cal.2d 501, 506-07; *accord April Enterprises, Inc. v. KTTV* (1983) 147 Cal.App.3d 805, 819.

New York law looks to essentially the same factors as California to determine whether a joint venture exists:

> a plaintiff pleading the existence of a joint venture must establish that: (1) two or more parties entered an agreement to create an enterprise for profit, (2) the agreement evidences the parties' mutual intent to be joint venturers, (3) each party contributed

---

[6] Biodata alleges the undefined words "equity participation relationship" and "exotic hybrid transaction" which appear to be nothing more than unexplained conclusions and speculation which are not based on facts or law.

>property, financing, skill, knowledge, or effort to the venture, (4) each party had some degree of joint management control over the venture, and (5) there was a provision for the sharing of both losses and profits.

*Kidz Cloz, Inc. v. Officially for Kids, Inc.* (S.D.N.Y. 2004) 320 F.Supp.2d 164, 171; *accord Fisher v. Tice,* (S.D.N.Y. July 5, 2016, No. 15cv955 (LAK) (DF)) 2016 U.S.Dist.LEXIS 87792, at *38-39.

Biodata fails to allege that MSI satisfies any of the elements of a joint venture listed above, and thus fails to state a claim for declaratory relief. Biodata only proffers the conclusory allegation that "the form of the Loan Documentation for the transaction was dictated solely by Defendants Pearl and MSI with the intent to disguise the true nature of the transaction…" Amended Complaint, ¶ 40. It is unclear from these allegations what MSI's role would be in an alleged joint venture, as MSI did not contract to purchase any of Biodata's receipts. Since MSI was not a party, the Agreement does not provide MSI any interest or control in Biodata's business, nor any share Biodata's profits and losses. Thus, Biodata's attempt to bootstrap MSI onto its allegation that the Agreement was a joint venture fails.

Moreover, Biodata's Amended Complaint fails to allege any facts as to a joint venture because it only asks the Court and the parties if the agreement "could be consistent with a joint venture." Amended Complaint, ¶ 43.[7] Such conjecture amounts to no more than speculation and fails to affirmatively allege facts showing the Agreement is a joint venture.

Accordingly, Biodata fails to allege any of the elements of a joint venture, and the Court should dismiss Biodata's first claim for declaratory relief for failure to state a claim.

**D.    Biodata's 15th Claim for Relief for Fraud Should Be Dismissed for Failure to State a Claim**

Biodata fails to state a claim for fraud because single word excerpts from unattached emails and the conclusions contained in the Amended Complaint do not allege fraud with the requisite specificity.

---

[7] Confusingly, Biodata inconsistently alleges: at times the relationship "could be consistent with a joint venture" whereas at times it is "consistent with a joint venture." Amended Complaint, ¶ 43.

Claims sounding in fraud or mistake must comply with the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a complaint "state with particularity the circumstances constituting fraud or mistake," including "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (internal citation omitted); *see also Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (averments of fraud must be accompanied by "the who, what, when, where, and how of the misconduct charged"). Biodata's 15th claim for relief should be dismissed for failing to meet Rule 9(b)'s heightened pleading standard.

Biodata first alleges that MSI misrepresented the Agreement as a loan by alleging that various emails between Biodata and MSI employee Alan Smith contained words such as "consolidation", "renewal", and "refinance" Amended Complaint, ¶ 112(C). These emails are unattached, and the reader is unable to ascertain the context in which any of these words were used. These allegations do not state a misrepresentation, only the use of the single words in emails exchanged between MSI and Biodata.

After making this strained argument, Biodata then lists pages of conclusory allegations regarding MSI and Pearl's alleged misrepresentations. Amended Complaint, ¶¶ 112(D)-114. The rest of Biodata's conclusory allegations fail to meet the requisite who, what, when, where, and how of Rule 9(b)'s heightened pleading standard for fraud.

Importantly, Biodata does not plead "who" made the alleged misrepresentations in paragraphs 112(D)-114 of the Amended Complaint, and thus the entire claim fails. When alleging the "who" against a corporation, the plaintiff must specify the agent of the corporation that made the representation. *Moore v. Kayport Package Express*, 885 F.2d 531, 541 (9th Cir. 1989) ("Rule 9(b) requires that the pleader state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."). Here, Biodata's complaint alleges a bevy of "misrepresentations" regarding the loans, but does not allege to whom at MSI (or Pearl?) Biodata allegedly spoke. Amended Complaint, ¶¶ 112(D)-114.

Furthermore, where a plaintiff merges multiple defendants together without sufficient

detail (*i.e.*, Pearl and MSI), the Complaint must allege specifics regarding the purported fraud. *See Morici v. HashFast Techs. LLC*, (N.D. Cal. Feb. 27, 2015, No. 5:14-cv-00087-EJD) 2015 U.S. Dist. LEXIS 24251, at *11 (not meeting Rule 9(b)'s standard when "after collectively defining all of the named defendants, including individual defendants Barber and deCastro, as "Hashfast," Plaintiff attributes nearly every fraudulent statement to [] "Hashfast" [] without distinguishing which entity or individual was actually responsible for the misrepresentation.").

Here, the Amended Complaint provides no detail regarding MSI and Pearl's relationship, only stating that Biodata "dealt with both Pearl and Merchant Source, Inc. ("MSI"), a company that was an agent of Pearl regarding the Pearl Loan." Amended Complaint, ¶ 25. After grouping Pearl and MSI together, Biodata then concludes that the Pearl/MSI amalgamation made unspecified misrepresentations.

Biodata cannot show "how" the alleged representations were fraudulent. For instance, with regard to the terms of the Agreement, Biodata alleges that MSI/Pearl represented "[t]hat daily payment amount would not exceed the lower of $1,399 or 15% of Plaintiff's receipts from its accounts receivable for that day and that the $1,399 daily payment was equivalent to 15% of Plaintiff's average daily gross receipts." Amended Complaint, ¶¶ 112(D)-(E). Plaintiff fails to allege how these representations are false. These are the objective terms of the Agreement, and any representation by MSI/Pearl that these terms applied cannot be a *mis*representation because such a representation would be true.

Biodata did not plead "what" these alleged misrepresentations were in the Amended Complaint. By example, Biodata vaguely alleges without any facts that MSI/Pearl failed "to make federal and state mandated disclosures," and represented that "the loan complied with all applicable laws." Amended Complaint, ¶ 112(G)-(H). These vague and conclusory allegations do not comply with Rule 9(b)'s heightened pleading standard for fraud.

Biodata also completely fails to allege "when" or "how" the alleged misrepresentations occurred. Amended Complaint, ¶¶ 112(D)-114. Biodata simply lists alleged misrepresentations and does not specify when they were made, or whether they were made in person, over the telephone, spoken, or written. Such detail is not only required by Rule 9(b) but necessary for

MSI to form a responsive pleading.

Biodata fails to allege the "who", "when", "what", and "how" as to any of the alleged misrepresentations regarding the Agreement, and thus fails to state a claim for relief under Rule 9(b).

### E.  Biodata's 8th Claim Should Be Dismissed for Failure to State a Claim

Biodata's 8th claim for permanent injunction should be dismissed because Biodata fails to allege facts warranting a permanent injunction. Though bankruptcy courts are given broad equitable powers "to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," Biodata fails to allege any facts as to why the Court should enjoin the enforcement of the Agreement.  11 U.S.C. §105(a).  Since all of Biodata's other claims for relief as to the Agreement fail, so too does their claim seeking to enjoin the Agreement's enforcement.

### III.  CONCLUSION

The Amended Complaint should be dismissed for failure to state a claim because all of Biodata's allegations against MSI are based on an agreement to which MSI was not a party, on usury claims that have been dismissed by this Court or are not applicable, and on fraud claims on which there is, among other missing elements, no alleged misrepresentation. Accordingly, MSI respectfully requests that the Court grant its motion to dismiss without leave to amend.

DATED: June 14, 2017

BUCHALTER
A Professional Corporation


By: /s/ Valerie Bantner Peo
VALERIE BANTNER PEO
Attorneys for Defendant
MERCHANT SOURCE, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO